# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EUGENE ANDERSON, d/b/a ANDERSON TRUCKING COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 04 C 5865<br>) |
| COOK COUNTY COURT SYSTEM and JUDGE JOYCE MARIE MURPHY GORMAN, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Cook County Court System's ("Court System") and the Defendant judge's motion to dismiss. For the reasons stated below, we grant the motion to dismiss in its entirety.

## BACKGROUND

Plaintiff Eugene Anderson ("Anderson") has filed a *pro se* complaint in this action. Anderson has brought suit against Defendant Asset Acceptance, LLC. ("Asset"), which was apparently a party in a state court action in which Anderson had previously participated. Anderson has also named as Defendants in the instant

1

action Defendant Court System and the presiding state court judge in the underlying state action. Anderson makes a vague reference in his complaint to his rights being denied because "[t]he Judge Presiding Refuse [sic] The Notice of Motion , [sic] for Change of Venue and said the Case would be recalled and She assume [sic] the responsibility of Attorney , [sic] for Plaintiff , [sic] violating The Oath of Judge. . . ." (Compl. 3). Based upon such allegations, it appears that Anderson has brought suit against the Court System and the Defendant judge based upon the judge's ruling concerning a motion for change of venue in the state court proceedings. Anderson also makes a general allegation that "there was very low talking going on by the Attorney and Judge" that leads Anderson to believe that the judge was involved in a conspiracy against him. (Compl. 7). Anderson also includes other incoherent statements in his complaint such as that he "was given Medicine by a helpful person to get strength to get to a point of Safty! [sic] out of the Richard J. Daley Center. . . ." (Compl. 6). Defendant Court System and the Defendant judge have moved to dismiss all claims brought against them.

## LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v.*

*Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);*See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh

3

Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251. Additionally, "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

## DISCUSSION

### I. Claims Against the Court System

Defendant Court System contends that Anderson's claim against the Court System is barred under the Eleventh Amendment. Anderson states in every paragraph of his complaint that the relief he is seeking is: "Sanctions! In a Large Money Amount for the Endangerment of his life. . . ." (Compl. Par. 1, 2, 3, 4, 5, 6, 7, 8). The Eleventh Amendment precludes a citizen from suing a state or its agencies for money damages in federal court, *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001, except in situations where "the state consents to suit in federal court or Congress uses its powers under the Fourteenth Amendment to abrogate the state's Eleventh Amendment immunity." *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992). This principle also applies to suits for money damages against state officials in their official capacities. *Wynn*, 251 F.3d 588, 592 (2001); *see Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997) (holding that qualified immunity was available to state law enforcement officers conducting a warrantless search of a state child investigator's home based on an anonymous tip regarding child pornography

possession). Therefore, the Eleventh Amendment bars Anderson's claims against the Court System. Anderson has not alleged any facts that support either an abrogation of the Eleventh Amendment, or consent by the State of Illinois to being sued. Without a congressional override or a waiver by the state, the Eleventh Amendment bars a claim in which the State or a state agency is named as a defendant. *Scott*, 975 F.2d at 369.

Defendant Court System also argues that, to the extent Anderson is attempting to assert a violation of 42 U.S.C. § 1983 ("Section 1983"), such an action cannot be brought against the Court System. The Seventh Circuit has expressly held that neither the State of Illinois nor its agencies is a "person" in the context of Section 1983 that is subject to liability under Section 1983. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (holding that the Illinois Department of Commerce and Community Affairs (IDCCA), as part of the State of Illinois, was not a "person" within the meaning of Section 1983);*Omosegbon v. Wells,* 335 F.3d 668, 672-73 (7th Cir. 2003). Therefore, for all the reasons expressed above, we grant the Court System's motion to dismiss all claims brought against the Court System.

II. Claims Against the Judge

The Defendant judge also seeks a dismissal of the claims against her. The judge argues that all claims against her are based on actions made in her official capacity and are barred by the doctrine of absolute judicial immunity. The Seventh Circuit has repeatedly "recognized 'the fundamental principle that judges are entitled

to absolute immunity from damages for their judicial conduct.'" *Synder v. Nolen,* 380 F.3d 279, 286 (7th Cir. 2004) (quoting *Richman v. Sheahan,* 270 F.3d 430, 434 (7th Cir. 2001)(collecting Supreme Court authority)). This doctrine of absolute immunity is based upon the well established principle "that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Id.* (quoting *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 435-436 (1993)). A judge is entitled to absolute immunity if: 1) the actions in question were "within the judge's jurisdiction," and 2) the actions were "performed in the judge's judicial capacity." *John v. Barron,* 897 F.2d 1387, 1391 (7th Cir. 1990). A judge is not denied absolute immunity even if the judge's action "was in error, was done maliciously, was in excess of his authority, . . . and even if his exercise of authority is flawed by the commission of grave procedural errors." *Brokaw v. Mercer County,* 235 F.3d 1000, 1015 (7th Cir. 2000)(explaining that "[t]he principle of judicial immunity recognizes that '[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'").

In the instant action, the allegations against the Defendant judge clearly pertain to matters within the judge's jurisdiction and the actions taken by the judge in the judge's official capacity. Anderson makes no claim that the actions of the Judge were either made in the absence of jurisdiction or outside of her official capacity.

6

Additionally, Anderson's claims of improper motive and conspiracy are insufficient to overcome judicial immunity. Judicial immunity is not penetrated by a showing of erroneous acts, impure motives, or injurious consequences. *Rathgeb v. Carlinville, Ill.* 14 F.3d 604, 609 (7th Cir. 1993); *Scott*, 773 F.2d at 164. Therefore, we find that Defendant judge is immune from Anderson's claims against her. We also note that the claims against the Defendant judge would be dismissed regardless because Anderson has not properly executed service upon the judge. Therefore, we grant the Defendant judge's motion to dismiss the claims brought against her. We also decline to exercise supplemental jursidiction over the remaining claims against Asset. *Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003).

## CONCLUSION

Based on the foregoing analysis, we grant the Defendant Court System's and the Defendant judge's motion to dismiss the claims brought against them and we dismiss the remaining claims against Asset.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 6, 2005

7